# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHERRI D. BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0477-CVE-TLW |
| | ) | |
| MALCOLM M. BLACKWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On August 2, 2011, Malcolm M. Blackwell filed a notice of removal (Dkt. # 1) attempting to remove his divorce proceedings from Tulsa County District Court to this Court. He alleges that the state court violated his federal constitutional rights by issuing a divorce without his consent and by holding him in contempt of court.[1] It appears that Malcolm Blackwell is challenging the validity of a divorce decree that has already been issued by the state court and that he is asking this Court to set aside the divorce decree. He is also requesting leave to proceed in forma pauperis in this Court. Dkt. # 2. Malcolm Blackwell is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

---

[1] Malcolm Blackwell argues that the State of Oklahoma violated his First Amendment right to free exercise of religion by granting a divorce, because he did not consent to the divorce and "my wife and I toke [sic] an oath before god for better or worst so help us god." Dkt. # 1, at 4.

On May 31, 2011, the state court issued a divorce decree dissolving the parties' marriage and awarding sole custody of their child to Sherri D. Blackwell.[2] Malcolm Blackwell refused to sign the divorce decree. Dkt. # 1-1, at 28. On the same day, the state court held Malcolm Blackwell in contempt for non-compliance with the state court's orders and sentenced him to four months imprisonment. Dkt. # 1-1, at 18. However, the term of imprisonment would not be imposed if Malcolm Blackwell cooperated with his ex-wife in the sale of their former marital residence, and he was ordered to appear before the state court on July 28, 2011 to verify that he had complied with the state court's order in regard to the sale of the marital residence. Id. at 18-19. After repeatedly giving notice to Malcolm Blackwell, the state court waived the requirement of his signature on the divorce decree and approved the decree as fully executed on July 1, 2011. Id. at 28. According to the docket sheet in the divorce proceedings, Malcolm Blackwell did not appear for his contempt hearing on July 28, 2011 and a bench warrant was issued for his arrest. Instead of complying with the state court's orders in the divorce proceeding, he is attempting to remove his divorce proceeding to federal court and lists 15 "counts" in his notice of removal identifying alleged violations of the United States Constitution.[3] Dkt. # 1, at 1-6.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

---

[2] Malcolm Blackwell was not eligible for child custody or unsupervised visitation due to his history of domestic violence. Dkt.. # 1-1, at 21.

[3] There is nothing in the record to suggest that these "counts" were raised before the state court in a pleading. A notice of removal is not a substitute for a pleading and Malcolm Blackwell has cited no authority suggesting that a case becomes removable merely because a party asserts federal claims or defenses in a notice of removal.

2

1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court lacks jurisdiction over this case, because this case falls squarely within the domestic relations exception to federal jurisdiction. "It is well-established that federal courts lack jurisdiction over 'the whole subject of the domestic relations of husband and wife . . .'" Hunt v. Lamb, 427 F.3d 725 (10th Cir. 2005). Family relations are traditionally a matter of state law and federal courts do not have jurisdiction to resolve substantive family law issues. United States v. Bigford, 365 F.3d 859 (10th Cir. 2004). The Supreme Court has stated that the domestic relations exception applies only to cases "involving the issuance of a divorce, alimony, or child custody decree" and a federal court has jurisdiction over tort claims incidentally involving family law issues. Ankenbrandt v. Richards, 504 U.S. 689, 704 (10th Cir. 1992). A federal court also has jurisdiction to hear broader constitutional claims concerning the validity of a state statute on a matter of family law, but the federal court may not become involved in the actual divorce or child custody

3

proceedings. Johnson v. Rodrigues (Orozco), 226 F.3d 1103, 1112 (10th Cir. 2000). The Court has reviewed the notice of removal and documents from the state court proceeding, and it is clear that this is an ordinary divorce case in which Sherri Blackwell sought a divorce from Malcolm Blackwell. Malcolm Blackwell is challenging the validity of the divorce decree and certain procedural aspects of his divorce proceedings, but these types of claims are not exempt from the domestic relations exception to federal jurisdiction. Although Malcolm Blackwell was held in contempt by the state court, this contempt citation was issued for his failure to comply with court orders in the divorce proceedings and he has not shown that the contempt proceedings were separate from the divorce proceedings.

Even if the case did not fall within the domestic relations exception, the Court has found no independent basis for subject matter jurisdiction over this case and removal of the case was improper. The notice of removal does not identify any basis for this Court to exercise jurisdiction over this case. Dkt. # 1, at 1-6. Based on state court records attached to the notice of removal, it is apparent that both parties are citizens of Oklahoma and the Court could not exercise diversity jurisdiction over the case. 28 U.S.C. § 1332. This is a divorce case arising under state law and federal question jurisdiction does not exist merely because Malcolm Blackwell asserted defenses based on federal law. See Hansen v. Harper Excavating, Inc., 641 F.3d 1216, 1220 (10th Cir. 2011) ("that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction"). Thus, the Court does not have jurisdiction to hear this case under 28 U.S.C. § 1331. The Court also notes that a divorce decree is final state court judgment, and this Court may not hear claims directly challenging the validity of a state court judgment. See Read v. Klein, 1 Fed. Appx. 866 (10th Cir. Jan. 9, 2001) (divorce decree is a final state court judgment and any direct challenge

to the validity of a divorce decree must be pursued in the Oklahoma appellate courts).[4] The Court finds no basis to exercise subject matter jurisdiction over this case, and it was improperly removed to this Court.

**IT IS THEREFORE ORDERED** that this case is **remanded** to the Tulsa County District Court.

**IT IS FURTHER ORDERED** that Malcolm Blackwell's Motion for Leave to Proceed *In Forma Pauperis* and Support Affidavit (Dkt. # 2) is **moot**.

**DATED** this 16th day of August, 2011.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Unpublished decisions are not precedential, but may be cited for their persuasive value. <u>See</u> Fed. R. App. 32.1: 10th Cir. R. 32.1.